ELIZABETH F. CAGGER, as GUARDIAN OF INFANT CHILDREN, AND ANOTHER, RESPONDENTS, v. MARTINUS LANSING, APPELLANT.

*Ejectment — Judgment — conclusive as to matters adjudicated — Writ of possession — laches.*

APPEAL from a judgment in an action of ejectment, entered upon the verdict of a jury directed by the court. The recovery was of certain lands in Rensselaer county by the plaintiffs as the heirs of the late Peter Cagger.

The answer of the defendant was merely a denial and the statute of limitations.

It was proved on the trial that in February, 1864, William P. Van Rensselaer recovered a judgment in ejectment against the defendant for these lands, upon which a writ of possession was issued in May, 1864. In August, 1864, Van Rensselaer conveyed to James Kidd and Peter Cagger. In December, 1864, Kidd released his interest to Cagger. Cagger died intestate in July, 1868, leaving the plaintiffs his heirs at law. On the 26th of July, 1871, the plaintiffs made a demand upon the defendant for the possession of the premises, which was refused.

This action was brought by Elizabeth F. Cagger, the natural guardian of Peter Cagger's infant heirs, and by Mary C. Cagger, his only adult heir.

The defendant claimed that Cagger had no claim except as mortgagee, and that one Church was the real party in interest.

Upon these facts the court ordered a verdict for the plaintiffs.

The court at General Term *held*, that the defendant was concluded by the judgment recovered in favor of Van Rensselaer. (2 R. S., 309, § 36 ; *Beebe* v. *Elliott*, 4 Barb., 457 ; *Bennett* v. *Couchman*, 48 id., 73.) That it was also conclusive as to the question of Cagger's title. (*Van Rensselaer* v. *Barringer*, 39 N. Y., 9 ; *Van Rensselaer* v. *Dennison*, 35 id., 393.) That mere neglect to enforce the right by a writ of possession, unless the statute of limitations had run, did not invalidate the judgment. (*Jackson* v. *Haviland*, 13 Johns., 229.) The court also cited *Cagger* v. *Lansing* (43 N. Y., 550).

*Anson Bingham*, for the appellant.

*Samuel Hand*, for the respondents.

Opinion by BOARDMAN, J.

Present — JAMES and BOARDMAN, JJ.

Judgment affirmed with costs.